# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| KAREN ANDREWS, AND ALL OTHERS SIMILARLY SITUATED UNDER 29 USC § 216(b),<br><br>*Plaintiff*,<br>        v.<br><br>SUN SOUTH HOME-HEALTH ENTERPRISES, INC. & AKBAR MEMARIANFARD,<br><br>*Defendants*. | **Civil Action No.:** 3:19-cv-426 |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Karen Andrews ("Plaintiff"), individually and on behalf of all others similarly situated, files this Original Complaint against Sun South Home-Health Enterprises, Inc. and Akbar Memarianfard ("Defendants") and in support states the following:

### I.   INTRODUCTORY FACTS AND SUMMARY

1. Defendants have been involved in home healthcare and medical staffing in the United States over the last three years. Defendants employ non-exempt employees to directly and indirectly provide Defendants' health care services to Defendants' customers but fail to provide them with proper minimum wages and overtime as required under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA").

2. Defendants' Employees regularly work in excess of 40 hours per workweek. Defendants violated the FLSA by failing to count all hours worked and failing to pay an overtime premium for all overtime hours worked. Specifically, Defendants paid Plaintiff and other similarly-situated employees based on the quantity of work performed.

3. All hours worked by Plaintiff on tasks paid under Defendants' piece rate system were not counted in the total hours worked each workweek, including weekly hours worked in

excess of 40 ("Overtime Hours"). Because Defendants did not accurately track and pay for all hours worked, including overtime hours, Defendants violated the FLSA by failing to pay Plaintiffs' minimum wage for all hours worked and overtime compensation for all hours worked in excess of 40 per workweek.

## II.     PARTIES

4.    Plaintiff Karen Andrews is an individual who has worked for Defendants at various locations throughout this District within the last three years. Her consent to participate is attached to this Complaint as an Exhibit.

5.    The "FLSA Class Members" consist of Defendants' current and former employees who have worked for Defendants in the United States within three years of this filing who were paid on a piece rate, per-job, or per-assignment basis.

6.    Defendant Sun South Home-Health Enterprises, Inc. ("BrightStar") may be reached via their registered agent, Akbar Memarianfard, who may be served at 2401 Kittyhawk Drive, Plano, Texas 75025.

7.    Defendant Akbar Memarianfard is the owner of Defendant BrightStar who may be served at 2401 Kittyhawk Drive, Plano, Texas 75025.

## III.     JURISDICTION AND VENUE

8.    This Court has jurisdiction over the claims because Plaintiff has asserted a claim arising under federal law and specifically under the FLSA.

9.    Venue is proper in this District because a substantial portion of the events forming the basis of this suit occurred in this District and because one or more parties resides in this District.

## IV.   COVERAGE FACTS

10. At all material times, Defendants have acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff and the Class Members.

11. At all relevant times, Defendants have been an employer or joint employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12. At all relevant times, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

13. At all relevant times, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the said enterprise has had employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

14. At all relevant times, Plaintiff and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V.   FACTUAL ALLEGATIONS

15. Plaintiff incorporates all of the allegations previously made in this Complaint. Plaintiff brings his collective action allegations individually and on behalf of those similarly situated.

16. Defendants have been involved in the home health care service field in locations throughout the United States over the last three years and do more than $500,000.00 per year in business.

17. Akbar Memarianfard acted as the chief executive officer and financial executive, respectively, of BrightStar. Defendant Memarianfard and the Corporate Defendant share a mailing address located at 2401 Kittyhawk Drive, Plano, Texas 75025. Akbar Memarianfard serves both in an ownership and managerial capacity at BrightStar.

18. Defendants BrightStar and Memarianfard have or have had the same managers/supervisors, business model, employees, equipment and facilities, and provide or have provided the same services to the same clientele. Therefore, Defendants are liable for the acts challenged by this lawsuit.

19. Defendants BrightStar and Memarianfard exerted operational control over the Corporate Defendants' operations during the relevant time period, including among other things, making hiring and firing decisions, establishing pay rates, determining methods of payment and compensation policies and practices, and controlling/establishing company rules.

20. Defendants each directly, indirectly, or jointly employed home healthcare providers to directly and indirectly provide Defendants' healthcare services to Defendants' customers. For some types of work, Defendants paid home healthcare providers based on the quantity of work performed. This quantity of work/piece rate basis of pay included, but may not be limited to, payments made on a per service basis.

21. Plaintiff was employed by Defendants from approximately June of 2016 to September of 2018. Plaintiff's duties consisted of routine visits to the homes of patients around the Dallas area. During these visits Plaintiff would provide home healthcare services and complete necessary infusions for the relevant patients. During her employment, Plaintiff worked

in excess of 40 hours per workweek but was not paid overtime for all hours worked or in compliance with the Fair Labor Standards Act.

22. Plaintiff and the Class Members are entitled to receive overtime pay for all hours worked in excess of 40 hours per workweek and for minimum hourly wages for all hours worked. Defendants knew of the FLSA's requirements but chose not to pay Plaintiff or the FLSA Class Members overtime in compliance with the law despite having this knowledge. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay Plaintiff and the FLSA Class Members proper and lawful compensation.

### VI.   COLLECTIVE ACTION ALLEGATIONS

23. Plaintiff and the FLSA Class Members performed the same or similar job duties. Specifically, they all performed home healthcare services. Plaintiff and the FLSA Class Members were also subjected to the same illegal pay provisions that paid these workers all on a per job basis, failed to pay overtime for all hours worked in excess of 40 per workweek, and failed to pay for all hours worked. Accordingly, the FLSA Class Members are similarly situated to Plaintiff in terms of job duties and pay provisions.

24. Defendants' failure to pay compensation at the rates and as required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Class Members. Thus, Plaintiff's experience is typical of the experiences of the Class Members. All Class Members, regardless of their precise job requirements or rates of pay, are entitled to overtime compensation at a rate of one-and-one-half their regular rate for hours worked in excess of 40 per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and fact are common to Plaintiff and the Class Members.

### VII.   COUNT I: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARS ACT

25. During the relevant time period, Defendants violated and continue to violate the provisions of sections 6 and 7 of the FLSA, 29 U.S.C §§ 206-7, and 215(a)(2), by employing workers in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for weeks longer than 40 hours without compensating for work in excess of 40 hours per week at rates no less than one-and-a-half times their regular rates of pay and also by failing to pay Plaintiff and other similarly situated employees for all hours of work. Because Defendants have failed to pay Plaintiff and other similarly situated employees for all hours of work, Defendants failed to comply with the FLSA's minimum wage requirements. Additionally, Defendants have acted willfully in failing to pay Plaintiff and the FLSA Class Members in accordance with the law.

## VIII.  RELIEF SOUGHT

26. Plaintiff prays for judgment against Defendants jointly and severally as follows:

a. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation due to Plaintiff (and those who may join the suit);

b. For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

c. For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees;

d. For and Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

e. For an Order granting such other and further relief as may be necessary and appropriate.

       Respectfully submitted,

       **Forester Haynie PLLC**

       */s/ J. Forester*
       **J. Forester**
       Texas Bar No. 24087532
       **Matthew Haynie**
       Texas Bar No. 24087692
       1701 N. Market Street, Suite 210
       Dallas, Texas 75202
       (214) 210-2100 phone
       (214) 346-5909 fax
       www.foresterhaynie.com

       **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is the Original Complaint. Service of this Complaint will be made on Defendants with summons to be issued by the clerk according to the Federal Rules of Civil Procedure.

       */s/ Jay Forester*
       **JAY FORESTER**